**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------x
KATHLEEN EASTMAN,                              :     CIVIL ACTION
MARY HENIN, AMANDA HAY,                        :
and MATTHEW ALLEN,                             :     NO. 21-02248
individually, and on behalf of all others similarly :
situated,                                      :     CLASS ACTION
                            Plaintiffs,        :
                                               :
                                               :
      v.                                       :
                                               :
                                               :
THE CITY OF PHILADELPHIA,                      :
                                               :
                            Defendant.         :
-----------------------------------------------------------------x
```

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CIVIL CONTEMPT AND SANCTIONS AGAINST NONPARTY GEORGE SMITH TOWING COMPANY

Plaintiffs Kathleen Eastman and Mary Henin ("Plaintiffs") by and through their undersigned counsel hereby move for an order of contempt and sanctions against nonparty George Smith Towing Company ("George Smith"), pursuant to Federal Rule of Civil Procedure 45(g). This motion stems from George Smith's refusal to respond to Plaintiffs' August 18, 2022 subpoena *duces tecum* (the "Subpoena"), and George Smith's knowing and willful failure to comply with the Court's October 13, 2022 Order (the "Order") requiring George Smith to comply with the Subpoena. (Dkt. 38). Plaintiffs' efforts to work with George Smith have been unsuccessful, and Plaintiffs are now forced to file the present motion for contempt and sanctions on the heels of their previous motion to compel. (Dkt. 36). These motions have taken up the Court's time and counsel's and would have been entirely unnecessary had George Smith simply followed the rules.

I.        **Factual Background**

This action arises from the City of Philadelphia's ("Defendant" or "City") practice of relocating vehicles legally parked on the City's streets without adequate prior or post-tow notice to vehicle owners. This practice is known euphemistically as "courtesy towing." Plaintiffs bring claims against the City of Philadelphia under 42 U.S.C. § 1983, alleging that the City's courtesy towing violates the Fourth and Fourteenth Amendments. One of the former named Plaintiffs in this action, Amanda Hay ("Plaintiff Hay"), alleged that she was courtesy towed from a legal parking spot in Philadelphia to an illegal parking spot in a private lot. George Smith ultimately removed her vehicle from this private lot and impounded it, resulting in fines for the vehicle's retrieval.[1] (Dkt. 1, p. 8).  Additionally, Defendant has represented that private tow companies go "rogue" and courtesy tow vehicles on their own, not at the direction of Defendant. Defendant has further represented that this unlawful practice is largely, if not entirely, responsible for the courtesy towing problem in Philadelphia.

II.       **Procedural History**

To determine the scope of the purported "rogue" tow operator problem that the City appears to assert as a defense, as well as the extent to which the City is responsible for courtesy towing vehicles, Plaintiffs served the Subpoena on George Smith, a private tow company, on August 18, 2022. (The Subpoena and Proof of Service are attached hereto as "Exhibits 1 and 2," respectively). The Subpoena stated that George Smith's responses were due by September 12,

---

[1] Judgment against Defendant in favor of Plaintiff Hay was entered on September 23, 2022, and Plaintiff Hay is no longer a party in this action. (Dkt. 34). However, Plaintiff Hay was a party at the time the Subpoena was served on August 18, 2022 and was a party for nearly the entire the discovery period. Additionally, the remaining Plaintiffs have reason to believe that George Smith's towing practices also impact their claims, based on documents produced by Defendant in discovery.

2022. The Subpoena included document requests related to the named Plaintiffs' vehicles, including Plaintiff Hay whose vehicle was known to have been towed by George Smith; documents related to George Smith's towing practices; and any communications with Defendant related to vehicle tows.

On August 31, 2022, George Smith's counsel called Plaintiffs' counsel and requested a copy of the Complaint and additional information related to the makes and models of Plaintiffs' vehicles. Plaintiffs' counsel supplied that information via e-mail within an hour that same day. On September 12, 2022, George Smith failed to respond to the Subpoena. On September 13, 2022, Plaintiffs' counsel followed up with George Smith's counsel via e-mail regarding the status of the requested documents. George Smith's counsel called Plaintiffs' counsel and requested the dates of the named Plaintiffs' vehicle tows. Plaintiffs' counsel directed George Smith's counsel to the provided Complaint, which contains specific dates and detailed time frames regarding the Plaintiffs' vehicle tows. (*See* Dkt. 1, pp. 6-9). Plaintiffs' counsel also supplied additional information about the time frame related to Plaintiff Matthew Allen's[2] tow. Plaintiffs' counsel then told George Smith's counsel that Plaintiffs would agree to let George Smith produce the documents on a rolling basis until September 19, 2022, given the September 26, 2022 discovery deadline. George Smith's counsel represented that George Smith would produce the documents by September 19, 2022.

On September 19, 2022, George Smith failed to produce the documents. That same day, Plaintiffs' counsel e-mailed George Smith's counsel regarding the status of the documents and

---

[2] Judgment against Defendant in favor of Plaintiff Allen was entered on September 23, 2022, and Plaintiff Allen is no longer a party in this action. (Dkt. 35). However, Plaintiff Allen was a party at the time the Subpoena was served on August 18, 2022 and was a party for nearly the entire the discovery period.

received no response. On September 20, 2022, Plaintiffs' counsel called George Smith's

counsel's office regarding the status of the documents and was unable to reach anyone.

Plaintiffs' counsel then e-mailed a letter to George Smith's counsel inquiring about the

documents and putting George Smith on notice that Plaintiffs' counsel would seek Court

intervention. George Smith did not respond.

As a result, on September 26, 2022, Plaintiffs filed a letter motion with this Court seeking

an order compelling George Smith to produce the subpoenaed documents. (Dkt. 36). On October

13, 2022, this Court granted Plaintiffs' motion and ordered George Smith to "fully and

completely" respond to the Subpoena within seven days of the date of the Order. (Dkt. 38).

Plaintiffs immediately served the Order on George Smith's counsel via e-mail and filed a

certificate of service via ECF. (Dkt. 39). George Smith's counsel failed to respond to Plaintiffs'

e-mail. ("Exhibit 3").

George Smith failed to comply with the Order. On Tuesday, October 25, 2022, having yet

to receive any documents from George Smith, Plaintiffs again e-mailed (and also mailed) George

Smith's counsel the Order and put George Smith on notice that the present motion would be filed

if Plaintiffs did not receive the requested documents by Friday, October 28, 2022. Once more,

George Smith failed to respond. In a last-ditch effort, Plaintiffs' counsel called George Smith's

counsel on Thursday, October 27, 2022 and left a voicemail, requesting to discuss the Order.

George Smith's counsel replied via e-mail later that day, stating:

> I got notice you had called. I'm in all-day depositions today, but I told [George
> Smith] of your intention to seek sanctions and stressed the need to get responses
> by tomorrow. I will continue to impress upon them the necessity that they do so.

(George Smith's counsel's e-mail is attached hereto as "Exhibit 4"). This marked the first time

since September 13, 2022 that George Smith's counsel had so much as acknowledged a

communication from Plaintiffs' counsel. To date, George Smith has failed to produce any documents in violation of the Court's Order.

### III.    Argument

Federal Rule of Civil Procedure 45(g) states, "The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Indeed, "[a] finding of civil contempt against a nonparty is a high burden, and the following elements must be met: (1) a valid court order existed, (2) the [individual] had knowledge of the order; and (3) the [individual] disobeyed the order." *Davis v. Gas Recovery, LLC*, No. CV 20-840-SRF, 2022 WL 1316486, at *2 (D. Del. May 3, 2022) (citing *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995)). Furthermore, "[d]istrict [c]ourts have authority to order monetary sanctions against nonparties as to "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." *Endurance Am. Specialty Ins. Co. v. Hosp. Supportive Sys. LLC*, No. CV 17-3983, 2018 WL 3861808, at *2 (E.D. Pa. Aug. 14, 2018) (citing 18 U.S.C. § 401(3)) (Kelly, J.).

The requirements for a finding of civil contempt are met. Plaintiffs properly served the Subpoena on George Smith – via hand delivery and mail –on August 18, 2022. George Smith failed to obey the Subpoena and provided no excuse for its failure. In fact, George Smith ignored Plaintiff's communications regarding the Subpoena on nearly every occasion. Thereafter, George Smith refused to obey the Court's October 13, 2022 Order enforcing the Subpoena. These actions constitute a violation of Rule 45. Furthermore, the high bar for a finding of civil contempt against a nonparty has been met. First, a valid court order existed. (Dkt. 38). Second, George Smith had knowledge of the Order, as Plaintiffs served it on George Smith's counsel via

e-mail on October 13, 2022 and again via e-mail and mail on October 25, 2022. George Smith's

counsel belatedly acknowledged the Order in his e-mail dated October 27, 2022, stating "I …

stressed the need to get responses by tomorrow. I will continue to impress upon [George Smith]

the necessity that they do so." (Exhibit 4). Lastly, George Smith defied and disobeyed the Order;

it did not produce documents within seven days of the date of the Order and even failed to

produce documents when Plaintiffs offered an additional week's grace period.

As a result of George Smith's unwillingness to cooperate, Plaintiffs have been unable to

review potentially key documents, introduce them at depositions, and question witnesses about

them. This has prejudiced Plaintiffs by limiting their ability to complete discovery and develop

their claims. Furthermore, Plaintiffs' counsel has unnecessarily expended time and incurred fees

and costs seeking George Smith's compliance with the Subpoena and the Order.

**IV.    Conclusion:**

Over the past nearly three months, Plaintiffs have in good faith extended George Smith

and George Smith's counsel every professional courtesy to no avail. Plaintiffs have been unable

to resolve this issue informally without Court intervention. For the reasons set forth above,

Plaintiffs respectfully request that this Court enter an order:

1. Finding George Smith in contempt under Fed. R. Civ. P. 45(g) for failing to
   comply with the Subpoena and the October 13, 2022 Order;

2. Requiring George Smith to pay Plaintiffs' attorneys' fees, costs, and expenses
   associated with seeking compliance with the Subpoena;

3. Requiring George Smith to pay Plaintiffs' attorneys' fees, costs, and expenses
   for the preparation and filing of Plaintiffs' September 26, 2022 letter motion
   to compel. (Dkt. 36).

4.  Requiring George Smith to pay Plaintiffs' attorneys' fees, costs, and expenses

    associated with seeking compliance with the Court's October 13, 2022 Order;

5.  Requiring George Smith to pay Plaintiffs' attorneys' fees and costs for the

    preparation and filing of the present motion for civil contempt and sanctions;

6.  Any other relief this Court deems just and appropriate, including imposition of

    a *per diem* sanction for each day George Smith is in violation of the Order.

Should this Court grant this motion, Plaintiffs are prepared to submit a request for reasonable

attorneys' fees, costs, and expenses.


Dated: November 14, 2022                    Respectfully Submitted,

                                            Joseph C. Kohn
                                            William E. Hoese
                                            Craig W. Hillwig
                                            Aarthi Manohar
                                            KOHN, SWIFT & GRAF, P.C.
                                            1600 Market Street, Suite 2500
                                            Philadelphia, PA 19103
                                            Telephone: (215) 238-1700
                                                    and
                                            David Rudovsky
                                            Susan M. Lin
                                            KAIRYS, RUDOVSKY, MESSING,
                                            FEINBERG & LIN, LLP
                                            718 Arch Street, Suite 501S
                                            Philadelphia, PA 19106
                                            Telephone: (215) 925-4400

                                            *Attorneys for Plaintiffs*