IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN EASTMAN, et al., | : |
| Plaintiffs, | : |
| v. | : No. 21-2248 (MSG) |
| CITY OF PHILADELPHIA, | : |
| Defendant. | : |

**CITY OF PHILADELPHIA'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Plaintiffs contend that their civil rights were violated when their vehicles were towed within the City of Philadelphia by unknown parties. Plaintiffs have provided no evidence that the City of Philadelphia was involved in the towing of their vehicles or that they suffered harm as a result of the City's actions. Accordingly, judgment should now be entered for the City and Plaintiffs' claims dismissed with prejudice.

**I.    FACTUAL BACKGROUND**

The City incorporates by reference the Statement of Undisputed Facts filed herewith. The undisputed record evidence establishes that, while this case arises out of the City's alleged relocation of Plaintiffs' vehicles, there is no evidence to support such allegations.

Specifically, Plaintiffs allege that the City of Philadelphia, through various agencies including the Police Department ("PPD"), Streets Department and various contractors, runs a program authorizing relocation of vehicles. Plaintiffs further allege that due to the City's seizure of their vehicles and relocation of those vehicles to other parking spaces, they have suffered damages related to deficiencies in due process that arise to a violation of their Constitutional Rights.

Contrary to the representations in Plaintiffs' Complaint, the record shows that where work needs to be conducted within the City, the entities/persons conducting the work may obtain temporary parking signs that will facilitate the work as necessary. The applicants post the signs 48-hours or more in advance of the parking closure. If vehicles remain in those areas when work is scheduled to commence, the applicants may request PPD issue a ticket and then the applicants may cause the vehicles to be towed to the closest legal parking space. After the towing is completed, the towing company is supposed to report the vehicle information of each vehicle towed to the local PPD district, so they may assist owners in locating their vehicles.

Both Plaintiff Eastman and Plaintiff Henin allege that their vehicles were subject to such relocation after not having checked on their vehicles for multiple days prior, and that the relocation resulted in them losing use of their vehicles for two hours and overnight, respectively. *See* Compl. ¶¶24-32  They further allege that the process such as it currently exists is deficient in providing adequate notice to the vehicle owners such that it violates their right to due process. However, Plaintiffs were likely given pre-deprivation notice. Plaintiff Henin found a Temporary No Parking sign on the ground that indicated there would be tree cutting on the block where she parked. Plaintiff Eastman remembers active construction on the block where she parked. Both Plaintiffs acknowledged they know Temporary No Parking notices may be posted indicating that vehicles may not park there. Critically, the record is devoid of evidence that the City, the PPD, the Streets Department, or any other City entity was involved in moving the vehicles in question.

Discovery has ended. The City now moves for summary judgment on all of Plaintiffs' claims.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When moving for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he believes demonstrate the absence of material fact disputes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Id.* at 322–24. The plaintiff must show there is more than some metaphysical doubt as to the material facts. *Modaffore v. Owens-Brockway Glass Container, Inc.*, 643 F. Supp. 2d 697, 699–700 (E.D. Pa. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

All inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Id.* at 700 (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)). However, "an inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Id.* Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hosp. of Univ. of Pa.*, 1993 WL 153810, at *2 (E.D. Pa. May 7, 1993). "Plaintiff must present affirmative evidence in order to defeat [a] properly

supported motion for [summary] judgment." *Poles v. St. Joseph' s Univ.*, 1995 WL 542246, at *5 (E.D. Pa. Sept. 11, 1995).

## III. ARGUMENT

Plaintiffs contend that they have experienced violations of their Fourth and Fourteenth Amendment constitutional rights as a result of the relocation of their vehicles. While the City first presents the law applicable to each claim, it bears noting that Plaintiffs' claims fail for the simple fact that, notwithstanding months of discovery, they have admittedly adduced no evidence that the City was involved in the relocation of their vehicles.[1] The lack of any record evidence to substantiate Plaintiffs' claims is addressed after the applicable law.

### A. Applicable Law

Plaintiffs bring their claims pursuant to Section 1983 of Title 42 of the United States Code, which provides a cause of action for violations of federally secured statutory or constitutional rights "under color of state law." *Abbott v. Latshaw,* 164 F.3d 141, 145 (3d Cir.1998), *cert. denied, George v. Abbott,* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 794 (1999). Section 1983 does not create substantive rights, but instead provides a remedy for deprivations of federal rights. *Kopec v. Tate,* 361 F.3d 772, 775–76 (3d Cir.2004). To prevail on a section 1983 claim, a plaintiff must meet two requirements. First, a plaintiff must prove that he was deprived of a constitutional or federal right. *Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir.2011). Second, a plaintiff must prove that the deprivation was committed by a person acting under color of state law. *Id.*

---

[1] In the Complaint, Plaintiff Henin describes the failure of the City to keep adequate records rescinding and/or correcting her report of her vehicle as stolen. This allegation does not plausibly support a constitutional claim sounding in the Fourth or Fourteenth Amendment, however, and does not appear to animate the Counts in the operative Complaint. The City thus moves for entry of judgment based upon the claims articulated in the operative pleading.

Plaintiffs' claims sound in the Fourth and Fourteenth Amendments to the United States Constitution. "The Fourth Amendment protects the rights to be free from unlawful search, unlawful seizure, and the use of excessive force… To succeed on a Fourth Amendment claim, a plaintiff must show that the defendant's actions constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment and were 'unreasonable' under the circumstances." *Luongo v. Pennsylvania State Police*, 156 F.Supp.3d 599, 615 (E.D.Pa. 2016). The people's "effects" include their personal property. *See United States v. Place,* 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (detention of luggage held to be a Fourth Amendment seizure). A Fourth Amendment "seizure" of personal property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

In turn, to state a due process claim under the Fourteenth Amendment, a plaintiff must prove "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006) (quotation marks and citation omitted). "A fundamental requirement of due process is the opportunity to be heard ... at a meaningful time and in a meaningful manner." *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008). A state provides adequate procedural due process "when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated on other grounds*; *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

Critically, a plaintiff must establish state action to establish liability under §1983. *See Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir.1995) (the "color of state law element is a threshold issue; there is no liability under § 1938 for those not acting under color of law.").

### B. Plaintiffs' Claims Fail Because They Have Adduced No Evidence of the City's Involvement in Relocating Their Vehicles.

The crux of Plaintiffs' Fourth and Fourteenth Amendment claims is that the City, as a governmental entity, interfered with their possessory rights to their vehicles. *See generally* Compl. ¶¶47-51. However, there is no evidence that the City was involved in towing or relocating Plaintiffs' vehicles. Plaintiffs thoroughly developed the record through discovery, obtained and assessed thousands of pages of evidence, and deposed numerous witnesses. Plaintiffs conducted a thorough search in discovery for evidence of the City's involvement in relocating their vehicles and found none. The City's tow logs do not have any information of their vehicles either being relocated by the City or notification from a third party that they relocated the vehicles. Notwithstanding the significant discovery pursued, Plaintiffs have not developed any evidence that suggests the City was in any way involved in moving their vehicles. Indeed, Plaintiffs both conceded at deposition that they cannot identify the person or entity responsible for moving their vehicles. Consistent with the rule that a Section 1983 claim must involve action taken under color of state law, Plaintiffs' claims should be dismissed because Plaintiffs cannot identify any facts that might establish this "threshold issue" element of their claim. *See Groman*, 47 F.3d at 638.

Discovery did reveal, however, that there are times at which non-state actors engage in unsanctioned towing, both in contravention of appropriate practice and possibly the law.

To the extent a private tow entity failed to follow laws regulating towing to properly notify the City of a vehicle relocation, Plaintiffs may have a claim against that private tow entity under

state law for conversion. But the City is not responsible for this behavior. To the extent that such an actor was responsible for the relocated vehicles at issue in this litigation, Plaintiffs' claims are more accurately stated as an attempt to hold the City liable for an unidentified third party's failure to follow towing regulations to report vehicle relocation information to the City. That is no basis for recovery under the Fourth or the Fourteenth Amendments as there is no governmental involvement in the interference of Plaintiffs' possessory rights.[2]

Touching briefly on Plaintiffs' claim sounding in the pre-deprivation notice provided, these are also undermined by the fact that individuals have no right to continue to park in spaces that are subsequently deemed No Parking spaces. Plaintiffs claim they parked in legal parking spaces and were deprived post-deprivation notice because their vehicles were moved, however the record suggests that Plaintiffs were likely provided pre-deprivation notice for construction work or events. Applicable rules, if followed, require that Temporary No Parking notices be posted at least 48-hours in advance to warn people it will become illegal to park in those spaces. When vehicles remain notwithstanding the changed designation of their parking spot, PPD should be called to ticket the vehicle. Whatever entity relocates the vehicle is then responsible for reporting the originating and destination location to the PPD, so that information can be entered in the PPD tow

---

[2] While Plaintiffs have not moved to certify the putative class defined in Plaintiffs' Complaint yet, the record reflects that Plaintiff Eastman and Plaintiff Henin could not be named party representatives for a class stemming from the City's relocation of vehicles as Plaintiffs' vehicles were not relocated by the City.

Further, each tow and vehicle relocation is fact-specific. In the interest of judicial economy, this brief focuses on the City's non-involvement. However, governmental takings must be assessed for the reasonableness of the circumstances, which requires a fact-specific assessment of each situation. Accordingly, it is impossible to determine on a class level whether all putative class members are similarly situated. Further, it is unclear how each member would be identified as there is no "Relocation Program" and the City is neither the sole actor who tows within Philadelphia nor entirely responsible or in control of information about each tow and relocation.

logs. Here, Plaintiff Henin found a Temporary No Parking sign on the ground that indicated there would be tree cutting on the block where she parked. Plaintiff Eastman remembers active construction on the block where she parked. Both Plaintiffs acknowledged they did not check their vehicles for multiple days before realizing their vehicles were moved even though both agreed that they know Temporary No Parking notices may be posted indicating that vehicles may not park there.

Even were there evidence that the City was involved in the tows of Plaintiffs' vehicles – which there is not – Plaintiffs' claims of constitutional harm from insufficient post-deprivation notice still fail because there is no evidence that any information about the towing of Plaintiffs' vehicles was transmitted to the City. Though Plaintiffs' Complaint appears to posit that all relocations within the City of Philadelphia are performed by the City and that the City is in control of all information about every vehicle relocation, discovery has failed to substantiate this assertion. The Philadelphia Parking Authority and private companies regularly tow and relocate vehicles for a variety of reasons and are responsible to report vehicle relocation information to the City. As detailed above, there is no indication that the City was involved in relocating Plaintiffs' vehicles or that the City was informed of the relocations by the entity involved.

Additionally, Plaintiff Henin did not even own the vehicle she was driving such that she cannot establish that she was denied post-deprivation notice. Any such notice would have been mailed to her mother's home address in Virginia. It would be pure speculation whether the out-of-state vehicle owner would have received that notification before Plaintiff Henin discovered the vehicle was missing. This is especially true as there are no records indicating when the vehicle was moved, only when Plaintiff Henin discovered it was moved.

### III.   CONCLUSION

For all the foregoing reasons, the Court should grant the City's Motion for Summary Judgment and dismiss Plaintiffs' Complaint.

Respectfully submitted:

Date:  1/19/2023               /s/Michelle L. Reinhart
                               MICHELLE L. REINHART
                               Assistant City Solicitor
                               CHRISTOPHER JOHNSON
                               Senior City Solicitor
                               City of Philadelphia Law Department
                               1515 Arch Street, 14th Floor
                               Philadelphia, PA  19102-1595
                               (215) 683-5106/5118
                               (215) 683-5299 fax
                               *michelle.reinhart@phila.gov*
                               *christopher.johnson@phila.gov*